UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Robert A. Anderson, | Civ. No. 20-1147 (KMM/LIB) |
|         Plaintiff, | |
| v. | |
| William Vanden Avond, acting in his individual capacity as a Morrison County Sheriff's Deputy, | **PLAINTIFF'S PROPOSED VERDICT FORM** |
|         Defendant. | |

---

Plaintiff respectfully requests that the Court use the attached verdict form.

**ROBINS KAPLAN LLP**

Date:  July 10, 2023

s/Marc Betinsky
Robert Bennett, #6713
Andrew J. Noel, #322118
Kathryn H. Bennett, #0392087
Marc Betinsky, #0388414
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
612-349-8500
rbennett@robinskaplan.com
anoel@robinskaplan.com
kbennett@robinskaplan.com
mbetinsky@robinskaplan.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Robert A. Anderson, | Civ. No. 20-1147 (KMM/LIB) |
|       Plaintiff, | |
| v. | **VERDICT FORM** |
| William Vanden Avond, acting in his individual capacity as a Morrison County Sheriff's Deputy, | |
|       Defendant. | |

---

1. On Plaintiff Robert Anderson's claim against Defendant William Vanden Avond, as submitted in Instruction No. __, we find in favor of:

_____       _____
           Robert Anderson                             William Vanden Avond

**Note:** Answer the following questions only if you find in favor of Robert Anderson in Question 1.

2. We find Robert Anderson's actual damages to be:

   $_____ (state the amount)

3. We award punitive damages in the amount of:

   $_____ (state the amount)


Dated:_____       _____
                                                                          Foreperson

(continued)

Plaintiff objects to the use of special interrogatories on the verdict form. Plaintiff further objects to the specific interrogatories presented on Defendant's Proposed Special Verdict Form. To preserve his ability to present different interrogatories more tailored to the questions at issue in the event the Court determines such special interrogatories are appropriate, Plaintiff provides the following alternative Special Verdict Form:

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert A. Anderson, | Civ. No. 20-1147 (KMM/LIB) |
| Plaintiff, | |
| v. | **VERDICT FORM** |
| William Vanden Avond, acting in his individual capacity as a Morrison County Sheriff's Deputy, | |
| Defendant. | |

1. On Plaintiff Robert Anderson's claim against Defendant William Vanden Avond, as submitted in Instruction No. __, we find in favor of:

_____      _____
         Robert Anderson                            William Vanden Avond

**Note:** Answer the following questions only if you find in favor of Robert Anderson in Question 1.

2. We find Robert Anderson's actual damages to be:

    $_____ (state the amount)

3. We award punitive damages in the amount of:

    $_____ (state the amount)

Note: Answer Question 4 and Questions 5a through 5j only if you found in favor of Robert Anderson on Question 1.

4. Did Defendant William Vanden Avond use deadly force when he shot Plaintiff Robert Anderson on May 22, 2019?

_____                _____
           Yes                                                         No

5. Would a reasonable officer in William Vanden Avond's position at the moment of the shooting have concluded[1]:

    5a. That shooting Robert Anderson in the chest with the beanbag was deadly force? _____Yes _____No

    5b. That firing a beanbag at Robert Anderson's chest was reasonably likely to cause death or serious physical injury? _____Yes _____No

    5c. That alternatives to shooting Robert Anderson with the beanbag were available at the moment he fired the shotgun? _____Yes _____No

    5d. That a warning was feasible prior to firing?

    _____Yes _____No

    5e. That the distance from the shooting position to Anderson was a safe distance at the moment he fired the shotgun? _____Yes _____No

    5f. That Robert Anderson was actively resisting arrest at the moment he fired?

    _____Yes _____No

---

[1] Because qualified immunity is an affirmative defense, *e.g.*, *Waters v. Madson*, 921 F.3d 725, 734 (8th Cir. 2019); *Bradford v. Huckabee*, 330 F.3d 1038, 1041 (8th Cir. 2003), the burden is on Defendant to prove he is entitled to findings in his favor on Questions 5a-5j. *E.g.*, *Shockency v. Ramsey Cnty.*, 493 F.3d 941, 948 (8th Cir. 2007); *Herts v. Smith*, 345 F.3d 581, 585 (8th Cir. 2003) ("The defendant bears the burden of proof on th[e] affirmative defense" of qualified immunity.); *Burnham v. Ianni*, 119 F.3d 668, 674 (8th Cir. 1997) (*en banc*); *but see Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

    5g.    That Robert Anderson was a risk to escape the officers at the moment he fired?      \_\_\_\_\_Yes     \_\_\_\_\_No

    5h.    That Robert Anderson was attempting to avoid arrest by flight at the moment he fired?      \_\_\_\_\_Yes     \_\_\_\_\_No

    5i.    That Robert Anderson posed an immediate threat to the safety of officers at the moment he fired?      \_\_\_\_\_Yes     \_\_\_\_\_No

    5j.    That Robert Anderson posed an immediate threat of death or serious bodily injury to officers at the moment he fired?

    \_\_\_\_\_Yes     \_\_\_\_\_No