UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert A. Anderson,<br><br>    Plaintiff,<br>v.<br><br>William Vanden Avond, acting in his individual capacity as a Morrison County Sheriff's Deputy,<br><br>    Defendant. | Civ. No. 20-1147 (KMM/LIB)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OR OTHER EVIDENCE REGARDING FUTURE HYPOTHETICALS** |

At summary judgment, the Court made clear a critical point when evaluating Defendant William Vanden Avond's use of force: "A future hypothetical—plausible or not—is not a justification for the use of significant force because a threat cannot be immediate when it has not yet materialized." Order on Motion for Summary Judgment (hereafter, "Order") (Dkt. No. 58), at 29. Despite this, Defendant intends to offer testimony—expert and lay witness alike—that the shooting was justified because of future hypotheticals and possibilities at the moment Defendant fired. In light of the Court's summary-judgment ruling, such testimony would be irrelevant and very likely to confuse the jury. It should therefore be excluded.

The Federal Rules of Evidence limit the jury's consideration to relevant evidence. Fed. R. Evid. 402; *cf. Higgins v. Hicks Co.*, 756 F.2d 681, 684 (8th Cir. 1991) ("counsel's argument must be limited by the evidence and law pertinent to the issues in the case"). Here, defense witnesses and, more critically, Defendant's use-of-force expert (Michael Brave), have attempted to justify the shooting based on what Plaintiff Robert Anderson *could have* done if Defendant hadn't shot him. For example, Brave's expert report offers

the opinion that Defendant "was concerned that Mr. Anderson *would escalate the situation* to cause the officers to resort to the use of rifles." Betinsky Decl. Ex. A at 74 (emphasis added). Similarly, Little Falls police Sergeant John Ruby, who was standing next to Defendant in the grassy field when Defendant fired, testified in his deposition that it would have taken "less than a second" for Robert "to reach back into the vehicle, grab a firearm and discharge it at" officers. Dkt. No. 46-19 at 81. And, Defendant himself testified that despite Robert's visibly empty hands being extended out the car window in the nine seconds before Defendant fired, Robert "could" have posed a threat "if he reached in" to the vehicle. Dkt. No. 46-3 at 95; *see also id.* at 144-45 ("Q: I'd like to know what – what was in your calculus at the time you shot him as to why that was a reasonable use of force to employ on him. A: Because of the possibility of coming out with a firearm.").

As the Court made clear at summary judgment, none of this is proper. The legality of the shooting turns on whether Robert posed an "immediate" threat when Defendant fired. Order at 27 (quoting *Masters v. City of Independence*, 998 F.3d 827, 835 (8th Cir. 2021) (in turn citing *Graham v. Connor*, 489 U.S. 386, 396 (1989))). In other words, what was the threat posed *at the moment* Defendant pulled the trigger? Future possibilities, by definition, are not part of that calculation, nor can they be.

Furthermore, every scenario involving an encounter between law enforcement and a citizen involves possibilities; there are *always* future hypotheticals. Any person interacting with a police officer might be staid and compliant in one second and threatening and aggressive in the next. Any person walking down the street could be

2

armed – especially in a country awash with hundreds of millions of guns owned by tens of millions of people. But the prospect that someone *might* have a gun and *might* use it does not authorize officers to use significant force. *See, e.g.*, *Cole ex rel. Richards v. Hutchins*, 959 F.3d 1127, 1132 (8th Cir. 2020) ("Generally, an individual's mere possession of a firearm is not enough for an officer to have probable cause to believe that individual poses an immediate threat of death or serious bodily injury; the suspect must also point the firearm at another individual or take similar 'menacing action.'"). Or as Little Falls officer Eric Hegna testified,

```
12      Q   And reaching for a weapon is -- that's
13   always a possibility, including with Anderson.
14   Right?
15      A   Correct.
16      Q   But as a police officer who's trained in
17   the use of force, you can't act on possibilities.
18   Correct?
19      A   Correct.
```

Dkt. No. 46-25 at 52. Any argument to the contrary essentially would mean police officers may use any force they want against any citizen at any time, because one can never be sure what someone else might do.

Defendant should not be permitted to plant these seeds of future concern in the jury's mind. In other words, Defendant must not be permitted to even suggest to the jury that shooting Robert was appropriate because of actions Robert *could have* taken. Evidence or testimony about future possibilities is simply irrelevant to the propriety of

the shooting and the jury's analysis of that force at the moment it occurred. Fed. R. Evid. 401, 402. Furthermore, allowing such evidence to reach the jury would be extremely confusing, given that it cannot factor into their determination whether force was appropriate. It should thus be excluded under Rule 403, as well.

                                            **ROBINS KAPLAN LLP**

Dated: July 10, 2023                  By: *s/Marc Betinsky*
                                            Robert Bennett, #0006713
                                            Andrew J. Noel, #0322118
                                            Kathryn H. Bennett, #0392087
                                            Marc Betinsky, #0388414
                                            800 LaSalle Avenue, Suite 2800
                                            Minneapolis, MN 55402
                                            612-349-8500
                                            rbennett@robinskaplan.com
                                            anoel@robinskaplan.com
                                            kbennett@robinskaplan.com
                                            mbetinsky@robinskaplan.com
                                            *Attorneys for Plaintiff*