UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert A. Anderson, | Civ. No. 20-1147 (KMM/LIB) |
| Plaintiff, | |
| v. | |
| William Vanden Avond, acting in his individual capacity as a Morrison County Sheriff's Deputy, | MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE REGARDING "BAD ACT" EVIDENCE |
| Defendant. | |

The analysis of a police officer's use of force under the Fourth Amendment turns on "whether the force applied is reasonable from the perspective of a reasonable officer on the scene *at the time the force is used*." *Chambers v. Pennycook*, 641 F.3d 898, 906 (8th Cir. 2011) (emphasis added); *accord, e.g.*, *Gardner v. Buerger*, 82 F.3d 248, 253 (8th Cir. 1996) (the "focus [is] on the seizure itself . . . and not on the events leading up to it"). What is clear from Defendant William Vanden Avond's exhibit list, however, is that he hopes to divert the jury from that issue with stale criminal history and supposed misconduct committed by Plaintiff Robert Anderson well *after* the events in question. Neither have any bearing on Defendant's decision to shoot Robert on May 22, 2019.

The Federal Rules of Evidence carefully circumscribe such "bad act" evidence to prove someone's character. *See* Fed. R. Evid. 404, 608, 609. Indeed, character evidence is "generally inadmissible," *Ladd v. Pickering*, 783 F. Supp. 2d 1079, 1089 (E.D. Mo. 2011), because it

> is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.

*United States v. Oaks*, 606 F.3d 530, 538 (8th Cir. 2010) (citing Fed. R. Evid. 404(b), adv. cmte. note (1972)). With these principles in mind, Robert respectfully moves to exclude at trial the evidence described below.

- *Prior criminal history*. Defendant has included on his exhibit list certified copies of Robert's criminal convictions from 2011, 2015, and 2019. Each poses problems.

<u>2019.</u> Defendant's proposed exhibit D-40 concerns Robert's 2019 conviction for domestic assault, part of the incident that is the subject of this lawsuit. Robert does not challenge the admissibility of the fact of that conviction. However, the certified copy offered by Defendant references another criminal charge (second-degree assault) that was dismissed:

| | | CASE CHARGES | | |
|---|---|---|---|---|
| Ct | Statute | Type | Description | Disposition |
| 1 | 609.222.1 | Charging | 2nd Degree Assault - Dangerous Weapon | Dismissed |
| 2 | 609.2242.4 | Charging | Domestic Assault - Felony | Convicted |
| | 609.2242.4 | Penalty | Domestic Assault-Felony | |

Betinsky Decl. Ex. J. This other alleged criminal conduct falls squarely with Rule 404(b) as prohibited character evidence. Likewise, it is not properly used to impeach Robert's credibility. The charge falls outside the ambit of Rule 608(b), which precludes admitting documents (or other extrinsic evidence) regarding specific instances of misconduct to

attack a witness's credibility, as well as Rule 609(b) because it did not result in a conviction. Defendant's exhibit D-40, therefore, must be redacted to remove any reference to second-degree assault – including references showing that the domestic assault for which he was convicted was "Count 2" of the charges against him.

2015. A somewhat similar analysis applies to Robert's 2015 conviction for receiving stolen property, reflected in Defendant's proposed exhibit D-39. Robert does not challenge the admissibility of this exhibit for credibility purposes. Fed. R. Evid. 609(a).[1] However, it again references multiple counts:

| Offense Information | | | | |
|---|---|---|---|---|
| Count: | Degree: | Statute/Ordinance: | Offense Date: | Offense Description: |
| 2 | Felony | 609.53.1 | 10/13/2014 | Receiving Stolen Property |

Betinsky Decl. Ex. I. The other crime charged at the time (felony theft) was dismissed.[2] And for the same reasons stated above with respect to exhibit D-40, exhibit D-39 must be redacted to remove this reference to other criminal charges.

2011. Defendant's proposed exhibit D-38 is a certified copy of a 2011 conviction Robert received for:

| Ct | Offense Date | Statute | Description | Offense Disposition |
|---|---|---|---|---|
| 1 | 03/04/2011 | 518B.01.14(d)(1) | Domestic Abuse; Violates 2 or more OFPw/in 10 years of previous conviction/adj of delinq. | Convicted |

---

[1] Robert assumes Defendant does not plan to use this conviction to argue he has criminal character or acted criminally on the day of the shooting; besides running afoul of Rule 404(b), there is no dispute Robert pleaded guilty to domestic assault for his conduct on that date.

[2] This is seen when searching the case number (66-CR-15-744) in the Minnesota Court Records Online (MCRO) database, https://publicaccess.courts.state.mn.us/CaseSearch.

3

Betinsky Decl. Ex. H.  Yet again, Robert assumes Defendant does not plan to elicit testimony about this conviction in order to demonstrate he acted criminally on May 22, 2019.  Indeed, to use the conviction for that purpose would run headlong into Rule 404(b) *and* Rule 403, as the conviction involves the same type of conduct for which he was convicted in 2019.  In other words, it is both cumulative and highly prejudicial, suggesting to the jury that Robert is a serial abuser when (even if it were true) it has nothing to do with the shooting.

But the conviction is not admissible for impeachment, either.  While Federal Rule of Evidence 609 affords some flexibility to admit prior convictions for impeachment purposes, a conviction more than 10 years old is presumptively inadmissible, requiring a showing that its probative value, "supported by specific facts and circumstances, *substantially* outweighs its prejudicial effect."  Fed. R. Evid. 609(b)(1) (emphasis added).  That Rule applies with full force here.  Robert was convicted and sentenced on April 20, 2011.  Betinsky Decl. Ex. H.  He was released from custody onto supervised release on November 12, 2012:



4

Betinsky Decl. Ex. K (highlighting added). This is the date that matters, not the date Robert's full sentence expired. Fed. R. Evid. 609(b) (asking whether "more than 10 years have passed since the witness's conviction *or release from confinement for it*, whichever is later") (emphasis added); *see United States v. Stoltz*, 683 F.3d 934, 939 (8th Cir. 2012) (noting that "'confinement' for purposes of the ten-year time limit in Rule 609(b) does not include periods of probation," because the "clock starts at the witness's release from any *physical* confinement") (citation omitted). The conviction is thus presumptively inadmissible. And Defendant cannot show its probative value *substantially* outweighs its prejudicial effect; in fact, it would have little probative value at all given that Defendant will impeach Robert with two other convictions, including one of the same type as this stale conviction. *See also United States v. Rodgers*, 542 F.3d 197, 201 (7th Cir. 2008) ("impeachment by a conviction falling outside the rule's ten-year time limit should be permitted only in rare and exceptional circumstances"). And the potential prejudice is great, because the conviction references still *other* prior convictions ("violates 2 or more OFP w/in 10 years *of previous conviction*"), thus allowing Defendant to reach beyond Rule 609 through the back door.[3]

- *Jail records*. Defendant's proposed exhibit D-41—the entirety of which is submitted as Exhibit L to the Declaration of Marc Betinsky—is a 154-page compendium of records from the Minnesota Department of Corrections during Robert's incarceration for the 2019 domestic assault leading to the events in this case. While certain of those

---

[3] Even if not ten years old, the 2011 conviction should be excluded under Rule 403 for this same reason – it is of little probative value, but it is substantially prejudicial.

records contain medical or treatment information that might have some relevance to Robert's injuries,[4] many of the records are problematic for a host of reasons.

For example, the proposed exhibit includes repeated references to violations of prison rules and punishment therefor:

```
                    Minnesota Department of Corrections
              PRE-HEARING DETENTION ORDER & REVIEW

Offender Name:    Anderson, Robert        OID:      182442
Placement Date:   7-23-22                 Facility: MCF-Faribault

Time of placement:    1940

Type of placement:

[X] a. The alleged violation presents a risk to the security or orderly operation of the facility.
[X] b. The alleged violation presents a risk to the safety of staff or other offenders.
[ ] c. The offender poses a credible risk of compromising a disciplinary investigation.

Description of behavior:    Contraband
```

Betinsky Decl. Ex. L at Morrison 4209. Other similar examples within the document are at Morrison 4216-24 and Morrison 4303. There is no relevance to this, particularly as it post-dates the shooting by several years. It is simply designed to besmirch Robert and transgresses Rule 404(b). It is also unduly prejudicial under Rule 403.

In addition, the prison records contain multiple references to prior criminal conduct (only some of which resulted in convictions) and prior incarcerations. For the

---

[4] That said, Defendant may try to use some of the records to suggest Robert did not mitigate his damages, for example, by refusing treatment while incarcerated. *See, e.g.*, Exhibit D-41 at Morrison 4349. Mitigation of damages, however, is not a defense to a claim under Section 1983. *Audio Odyssey v. Brenton First Nat'l Bank*, 286 F.3d 498, 501 (8th Cir. 2002) (*en banc*) ("A failure to mitigate damages is not an affirmative defense to a constitutional tort.").

reasons set forth above, that evidence is not admissible under any of Rules 404, 608, or 609, and it would be unduly prejudicial regardless under Rule 403. As but a few examples:

➢ Page Morrison 4246 includes information about the dismissed second-degree assault charge from the date in question, which should be excluded for the reasons already discussed:

| | | | 49-CR-19-806 | | | | Filed in District Court State of Minnesota 6/14/2019 |
|---|---|---|---|---|---|---|---|
| | | | **STATUTE AND OFFENSE GRID** | | | | |
| Cnt Nbr | Statute Type | Offense Date(s) | Statute Nbrs and Descriptions | Offense Level | MOC | GOC | Controlling Agencies | Case Numbers |
| 1 | Charge | 5/22/2019 | 609.222.1 Assault-2nd Degree-Dangerous Weapon | Felony | A2431 | N | MN0490000 | 19003985 |
| | Penalty | 5/22/2019 | 609.222.1 Assault-2nd Degree-Dangerous Weapon | Felony | A2431 | N | MN0490000 | 19003985 |
| 2 | Charge | 5/22/2019 | 609.2242.4 Domestic Assault-Felony | Felony | AJ351 | N | MN0490000 | 19003985 |
| | Penalty | 5/22/2019 | 609.2242.4 Domestic Assault-Felony | Felony | AJ351 | N | MN0490000 | 19003985 |

➢ Pages Morrison 4236-38 list dates of prior incarcerations, going back as far as 2005.

➢ Page Morrison 4239 contains reference to a conviction for false imprisonment in 1994 (as well as listing a "recidivism" score).

➢ Page Morrison 4308 refers to Robert having "multiple incarcerations," and Page Morrison 4328 references it being Robert's "fourth time in prison."

➢ Page Morrison 4328 references that Robert had 25 prior arrests, and pages Morrison 4336-37 discuss his arrest and prior incarceration history back to the age of 12.

7

Other documents within proposed exhibit D-41 contain hearsay about the events giving rise to this case. Page Morrison 4234, for example, includes an unknown individual's description of the domestic assault with which Robert was charged, without any idea how that individual received the information or from whom. Likewise, pages Morrison 4241-46 are the Criminal Complaint charging Robert with both second-degree assault (later dismissed) and domestic assault, which also references past criminal conduct. Each of these documents poses a double hearsay problem: "the report itself, and what [persons therein] told police." *Rau v. Roberts*, Civ. No. 08-2451 (RHK/JJK), 2010 WL 396223, at *3 (D. Minn. Jan. 27, 2010) (citation omitted); *accord, e.g.*, *Sanders v. City of Minneapolis*, 474 F.3d 523, 527 (8th Cir. 2007).[5]

Finally, other documents with exhibit D-41 are troublesome, too. Some lack any obvious relevance, such as page Morrison 4225. This is a document listing Robert's conditions of release when exiting prison in 2022; what does it have to do with him being shot by Defendant in 2019? *See* Fed. R. Evid. 402. Likewise, page Morrison 4231 is a prison intake document containing Robert's mug shot, in prison garb. That picture is highly prejudicial and has no relevance whatsoever. Fed. R. Evid. 403.

All of these prison documents appear designed only to cast Robert as a bad guy. They cannot be used for that reason, or to impeach his credibility. The Court should

---

[5] The exception for public records in Federal Rule of Evidence 803(8) would not apply given the adversarial nature of the documents. *See* Fed. R. Evid. 803(8)(B) (public records are excepted from hearsay rule only where the "circumstances [do not] indicate a lack of trustworthiness"); *United States v. Rosales-Bruno*, 676 F.3d 1017, 1022 (11th Cir. 2012) (noting arrest affidavit "did not have indicia of reliability" because of "the adversarial nature of the confrontation between the police and the defendant").

exclude exhibit D-41 with the exception of medical or treatment records, which should be redacted to remove references to prior criminal conduct.

Robert respectfully requests that the Court exclude the evidence described above.

|  |  |
|---|---|
|  | **ROBINS KAPLAN LLP** |
| Dated: July 10, 2023 | /s/Marc Betinsky<br>Robert Bennett, #0006713<br>Andrew J. Noel, #0322118<br>Kathryn H. Bennett, #0392087<br>Marc Betinsky, #0388414<br>800 LaSalle Avenue, Suite 2800<br>Minneapolis, MN 55402<br>612-349-8500<br>rbennett@robinskaplan.com<br>anoel@robinskaplan.com<br>kbennett@robinskaplan.com<br>mbetinsky@robinskaplan.com<br>*Attorneys for Plaintiff* |