## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert A. Anderson,<br><br>        Plaintiff,<br>v.<br><br>William Vanden Avond, acting in his individual capacity as a Morrison County Sheriff's Deputy,<br><br>        Defendant. | Civ. No. 20-1147 (KMM/LIB)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE REGARDING EVIDENCE AND ARGUMENT OF EFFECT OF THIS CASE ON DEFENDANT** |

      At trial, Defendant William Vanden Avond may attempt to assert that the outcome of this case may disparately affect his career or finances, or contend that this case is personally troubling to him. Yet, there has been no evidence disclosed in this case suggesting that a verdict against Defendant will adversely affect him in any way. And to the extent any evidence supports this proposition, it should be excluded because it is irrelevant, unduly prejudicial, and was not previously disclosed. Accordingly, Plaintiff Robert Anderson requests that the Court preclude Defendant or his counsel from arguing in any fashion that the outcome of this lawsuit will in some way negatively affect Defendant's career and similarly from allowing Defendant to testify that this lawsuit has otherwise been worrisome to him.

      It is well-established that "[i]n federal jury trials, counsel's argument must be limited by the evidence and law pertinent to the issues in the case." *Higgins v. Hicks Co.*, 756 F.2d 681, 684 (8th Cir. 1991). No evidence exists to suggest that a finding of liability will adversely affect Defendant's career, finances, or personal life. Further, as

revealed in Defendant's initial disclosures and the Joint Rule 26(f) Report, Defendant is protected by insurance and will be indemnified. By indemnifying Defendant, the relevant authorities agree that he was (1) acting in the performance of the duties of his position and (2) not guilty of malfeasance in office, willful neglect of duty, or bad faith. Minn. Stat. § 466.07.

The only triable issues before this Court are whether Defendant used excessive force on Robert, and, if so, what types and amounts of damages flow from it. To the extent that Defendant attempts to introduce evidence that this case will adversely affect his career or personal life, such evidence should be precluded as irrelevant pursuant to Federal Rule of Evidence 402. Any potential effect a liability finding may have on his career or personal life is not likely to make any fact in this case more or less probable. Likewise, it is irrelevant that Defendant may have found this suit personally troubling. Any potential probative value of such evidence is outweighed by its undue prejudicial nature, as the sole purpose for offering such evidence is to obtain sympathy from the jury. Thus, the evidence should also be precluded pursuant to Federal Rule of Evidence 403.

Moreover, under Federal Rule of Civil Procedure 37(c), Defendant should not be permitted to call witnesses to testify as to the potential effect a liability finding might have on his career or personal life because no such witness was identified at any time in discovery as having information relative to that subject.

In the event the Court permits Defendant to offer evidence or argument that a liability finding may adversely affect him, Robert should be able to present evidence that

he is being fully indemnified for his alleged conduct, has no financial concerns about the suit, and cannot now receive discipline or any other adverse action as a result.

Robert respectfully requests that the Court enter an order precluding Defendant from submitting evidence or arguing that the outcome of this case will adversely affect his career or be personally significant or troubling.

|  |  |
|---|---|
|  | **ROBINS KAPLAN LLP** |
| Dated: July 10, 2023 | By: *s/Marc Betinsky* <br> Robert Bennett, #0006713 <br> Andrew J. Noel, #0322118 <br> Kathryn H. Bennett, #0392087 <br> Marc Betinsky, #0388414 <br> 800 LaSalle Avenue, Suite 2800 <br> Minneapolis, MN 55402 <br> 612-349-8500 <br> rbennett@robinskaplan.com <br> anoel@robinskaplan.com <br> kbennett@robinskaplan.com <br> mbetinsky@robinskaplan.com <br> *Attorneys for Plaintiff* |

3