UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Robert A. Anderson,                          Case No. 20-cv-1147 KMM/LIB

        Plaintiff,

vs.

William Vanden Avond,

        Defendant.

---

## JOINT PROPOSED JURY INSTRUCTIONS

---

The parties submit the attached proposed jury instructions. Where the parties do not agree, Plaintiff's proposals are noted in **red**, and Defendant's proposals are noted in **blue**.

Dated: July 10, 2023         s/Stephanie A. Angolkar
                            Jason M. Hiveley, #311546
                            Stephanie A. Angolkar, #388336
                            Aaron M. Bostrom, #401773
                            IVERSON REUVERS
                            9321 Ensign Avenue South
                            Bloomington, MN  55438
                            (952) 548-7200
                            jasonh@iversonlaw.com
                            stephanie@iversonlaw.com
                            aaron@iversonlaw.com

                            *Attorneys for Defendant*

**ROBINS KAPLAN LLP**

Dated: July 10, 2023

s/Marc Betinsky
Robert Bennett, #0006713
Andrew J. Noel, #0322118
Kathryn H. Bennett, #0392087
Marc Betinsky, #0388414
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
(612) 349-8500
rbennett@robinskaplan.com
anoel@robinskaplan.com
kbennett@robinskaplan.com
mbetinsky@robinskaplan.com

*Attorneys for Plaintiff*

## <u>INSTRUCTION #1: BEFORE VOIR DIRE</u>

Members of the Jury Panel, we are about to begin the process of selecting which of you will be the jury that tries this case. In that process you will be asked questions by me that touch on your qualifications to sit as jurors in this case. You will be placed under oath or asked to affirm that you will truthfully and completely answer these questions put to you.

Your undivided attention to this process is very important. So, if you have a cell phone or other communication device, please take it out now and turn it off. Do not turn it to vibration or silent; please power it down or off. During this jury selection process, you must leave it off. (Pause for thirty seconds to allow them to comply, then tell them the following:)

During this jury selection process and during the trial, it is important that all the information you receive about the case comes from the courtroom. So, from now on until you are discharged from the case you may not discuss this case with anyone and that includes the other potential jurors, except during deliberations if you are selected as a juror. However, you may tell your family, close friends, and other people about your participation in this trial, but only so they will know when you are required to be in court. If you do that, please warn them not to ask you about this case or try to tell you anything they know or think they know about it, or discuss this case in your presence.

Also, just as importantly, you must not communicate any information at all about the case to anyone by any means, directly or indirectly, in face-to-face conversation or by any digital media.

If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by the opinions of people other than the other jurors. That would not be fair to the parties and it would result in a verdict that is not based entirely on the evidence in court and the law the court gives you.

It is very important that you abide by these rules. Failure to follow these instructions, and indeed any instructions the court gives you during the trial could result in the case having to be retried. And failure to follow these and the court's other instructions could result in you being held in contempt of court and punished accordingly.

Those of you who are selected to try this case will receive similar instructions as we go through the trial.

Are there any of you who cannot or will not abide by these rules concerning communication with others during this trial? (Then continue with voir dire.)

**8th Cir. Civil Jury Instr. § 1.01 (2022)**

## INSTRUCTION #2: RECESS AT END OF VOIR DIRE

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you earlier.

You must decide this case only from the evidence received by the court here in the courtroom and the instructions on the law that I give you.

Do not read any newspaper or other written account, watch any televised account or streamed video account, or listen to any streamed internet or radio program on the subject of this trial.

Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, its general subject matter, or the law.

You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly, based solely on the evidence received in court and my instructions on the law. If you decide this case based on anything else, you will have done an injustice. It is very important that you follow these instructions.

I might not repeat these things to you before every recess, but keep them in mind until you are discharged.

**8th Cir. Civil Jury Instr. § 1.02 (2022) (modified)**

## INSTRUCTION #3: GENERAL; NATURE OF CASE;
## DUTY OF JURY; CAUTIONARY

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions–those I give you now and those I give you later - whether they are in writing or given to you orally–are equally important and you must follow them all.

You must leave your cell phone, PDA, smart phone, iPhone, tablet, computer, and any other wireless communication devices in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You must give them to the court security officer for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete.

[The parties request that the Court read here the parties' Joint Introduction to the Case.]

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must

follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.

**8th Cir. Civil Jury Instr. § 1.03 (2022) (modified)**

## INSTRUCTION #4: EVIDENCE; LIMITATIONS

When I use the word "evidence," I mean the testimony of witnesses, documents and other things I receive as exhibits, facts that I tell you the parties have agreed are true, and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

       1. Lawyers' statements, arguments, questions, and comments are not evidence.

       2. Documents or other things that might be in court or talked about, but that I do not receive as exhibits are not evidence.

       3. Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections.

If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

       4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it.

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for. You need to pay close attention when I give an instruction about evidence that you can consider for only certain purposes, because you might not have that instruction in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

**8th Cir. Civil Jury Instr. § 1.04 (2022)**

## <u>INSTRUCTION #5: BENCH CONFERENCES AND RECESSES</u>

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

**8th Cir. Civil Jury Instr. § 1.05 (2022)**

## INSTRUCTION #6: NO TRANSCRIPT AVAILABLE [NOTE-TAKING]

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this, you must pay close attention to the testimony and other evidence as it is presented here in the courtroom.

If you wish, however, you may take notes to help you remember what the witnesses say. If you take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence. And do not let taking notes distract you from paying close attention to the evidence as it is presented. The Clerk will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them in the [courtroom/jury room].

When you leave at night, your notes will be locked up and returned to you when you return. When the trial is over your notes will be destroyed. They will not be read by anyone other than you.

**8th Cir. Civil Jury Instr. § 1.06 (2022)**

## **INSTRUCTION #7: CONDUCT OF THE JURY**

Jurors, to make sure this trial is fair to both parties, you must follow these rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the trial when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone tries to talk to you about the case during the trial, please report it to me or a member of my staff immediately.

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – not even to pass the time of day. It is important not only that you do justice in this case, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is just about the weather – that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, please understand that they are not being rude.

They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth*, you may need to tell your family, close friends, and other people that you are a part of this trial. You can tell them when you have to be in court. But you must warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you. Remember: You must not communicate with anyone in any manner about anything or anyone, including the court, related to this case.

You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again.

During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case.

*Sixth*, do not do any research or investigate the case facts or the law-- on the Internet, in libraries, newspapers, dictionaries or otherwise. Do not visit or view

any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony.

*Seventh*, do not read or otherwise receive any information, including any news stories or Internet articles or blogs that are about the case, or about anyone involved with it. Do not listen to any radio or television reports, or digital streaming, about the case or about anyone involved with it. In fact, until the trial is over I suggest that you reduce or limit reading or receiving any digital streaming or any newspapers or news journals, and avoid listening to any television or radio newscasts at all. I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case. If you want, you can have someone collect information or clip out any stories and set them aside to give to you after the trial is over. **I assure you, that by the time you have heard all the evidence in this case, you will know what you need to decide it.**

The parties have a right to have you decide their case based only on evidence admitted here in court. If you research, investigate, or experiment on your own, or get information from other sources, your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination. All of the parties are entitled to a fair trial before an impartial jury,

and you have to conduct yourselves in a way that assures the integrity of the trial process. If you decide a case based on information not admitted in court, you will deny the parties a fair trial. You will deny them justice. Remember, you have taken an oath to follow the rules, and you must do so. If you do not, the case might have to be retried, and you could be held in contempt of court and possibly punished.

*Eighth*, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence.

**8th Cir. Civil Jury Instr. § 1.08 (2022) (modified)**

## INSTRUCTION #8: OUTLINE OF TRIAL

The trial will proceed in the following manner:

First, the plaintiff's lawyer will make an opening statement. Next, the defendant's lawyer will make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the plaintiff will then present evidence. The defendant's lawyer will have a chance to cross-examine the plaintiff's witnesses. After the plaintiff has finished presenting his case, the defendant may present evidence, and the plaintiff's lawyer will have a chance to cross-examine his witnesses.

After you have seen and heard all of the evidence from both sides, the lawyers will make closing arguments that summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence. After the closing arguments, I will instruct you further on the law. After the lawyers' arguments and after the court's instructions you will go to the jury room to deliberate and decide on your verdict.

**8th Cir. Civil Jury Instr. § 1.09 (2022) (modified)**

## INSTRUCTION #9: DUTIES OF JURY; RECESSES

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read or listen to any statements about this trial in any method of communication, including any newspaper or other written account, any televised account, any radio program, any digital streaming or other production, on the Internet or elsewhere. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case based on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess but keep them in mind throughout the trial.

**8th Cir. Civil Jury Instr. § 2.01 (2022) (modified)**

## INSTRUCTION #10: TRANSCRIPT OF RECORDED CONVERSATION

*Adapted from 8th Cir. Manual of Model Civil Jury Instructions 2.05 (2022)*

As you have been told, there is a written transcript of the audio recording you are about to hear. That transcript also undertakes to identify the speakers engaged in the conversation.

You are permitted to have the transcript for the limited purpose of helping you follow the conversation as you listen to the recording, and also to help you identify the speakers. The recording is evidence for you to consider. The transcript, however, is not evidence.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the conversation or the identity of the speakers is entirely for you to decide based upon your own examination of the transcript in relation to what you hear on the recording. The recording itself is the primary evidence of its own contents. If you decide that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

Differences between what you hear in the recording and read in the transcript may be caused by such things as the inflection in a speaker's voice, or by inaccuracies in the transcript. You should, therefore, rely on what you hear rather than what you read when there is a difference.

## INSTRUCTION #11: IMPEACHMENT OF WITNESS BY PRIOR CONVICTION

You have heard evidence that Robert Anderson and witness Jenna Doble have been convicted of crimes. You may use that evidence only to help you decide whether to believe the witness and how much weight to give their testimony and not for any other purpose.

**8th Cir. Civil Jury Instr. § 2.10 (2022)**

## INSTRUCTION #12: DEMONSTRATIVE SUMMARIES
## NOT RECEIVED AS EVIDENCE

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case. Those charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and decide the facts from the books, records or other underlying evidence.

**8th Cir. Civil Jury Instr. § 2.11 (2022)**

## INSTRUCTION #13: ADDITIONAL INSTRUCTIONS

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of the trial.

You will have copies of the instructions I am about to give you now in the jury room. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

**8th Cir. Civil Jury Instr. § 3.01 (2022)**

## INSTRUCTION #14: JUDGE'S OPINION

I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.

During this trial I have asked some questions of witnesses. Do not try to guess my opinion about any issues in the case based on the questions I asked.

**8th Cir. Civil Jury Instr. § 3.02 (2022)**

## **INSTRUCTION #15: INFERENCES[1]**

*Adapted from final jury instructions (Dkt. No. 68), Baumgardt v. Thissen, Case No. 12-cv-694 (PJS/JJK) (D. Minn. Nov. 18, 2013); final jury instructions (Dkt. No. 70), Grams v. Duzan, Case No. 13-cv-1550 (RHK/SER) (D. Minn. Nov. 14, 2014)*

You are to consider only the evidence in this case, and I explained to you earlier what is and is not evidence. However, you are not limited to the statements of the witnesses. From the facts that you find have been proved, you may draw such reasonable inferences as seem justified in light of your experience. "Inferences" are simply deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in this case.

Two types of evidence are generally presented during a trial – direct evidence and circumstantial evidence. Direct evidence is proof that does not

---

[1] Defendant's position: Defendant objects to this proposed instruction. Model Instruction 1.04 explains evidence, and providing definitions and examples of direct and circumstantial evidence, is contrary to Model Instruction 1.04.

Plaintiff's position: While Model Instruction 1.04 talks about evidence, it does not explain that jurors may consider inferences, nor does it give an *example* of direct versus circumstantial evidence, terms that jurors may not understand. It is important to highlight for jurors that they may draw inferences from the facts that have been proved. This proposed instruction is not contrary to Model Instruction 1.04. Rather, it simply provides more explanation while reinforcing that the law makes no distinction between the weight or value given to direct versus circumstantial evidence.

require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.  Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.  As an example, direct evidence that it is snowing is testimony from a witness who says, "I was outside a minute ago and I saw it snowing."  Circumstantial evidence that it is snowing is the observation of someone entering a room covered with snow.  The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.

## INSTRUCTION #16: BURDEN OF PROOF

*Adapted from 8th Cir. Manual of Model Civil Jury Instructions 3.04 (2022); final jury instructions (Dkt. No. 68), Baumgardt v. Thissen, Case No. 12-cv-694 (PJS/JJK) (D. Minn. Nov. 18, 2013); final jury instructions (Dkt. No. 130), Coequyt v. Holien, Case No. (PJS/TNL) (D. Minn. Jan. 30, 2023)*

Your verdict will depend on whether, in light of all of the evidence, you find that certain facts have been proved.  The burden of proving a fact is upon the party whose claim or defense depends upon that fact.  The party who has the burden of proving a fact must prove it by the greater weight of the evidence.  To prove something by the greater weight of the evidence is to prove that it is more likely true than not true.

To determine whether a fact is more likely true than not true, you must consider all of the evidence and decide which evidence is more believable.  If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

The greater weight of the evidence is not necessarily determined by the greater number of witnesses or exhibits that a party has presented.  In determining whether any fact in issue has been proved by the greater weight of the evidence in the case, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

26

You may have heard the phrase "proof beyond a reasonable doubt."  That is a stricter standard that applies only in criminal cases.  It does not apply in civil cases such as this one.  You should, therefore, put it out of your minds.

If any reference by the parties or by me to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection that should control during your deliberations and not the statements of the parties or me. You are the sole judges of the evidence received in this case.

## INSTRUCTION #17: CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood. That may depend on whether it has to do with an important fact or only a small detail.

**8th Cir. Civil Jury Instr. § 3.03 (2022)**

## INSTRUCTION #18: WITNESS CREDIBIILITY

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something or has failed to say or do something which is consistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such weight, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission in testifying is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, § 73.04 (modified)**

## INSTRUCTION #19: LAW ENFORCEMENT WITNESS

*Adapted from final jury instructions (Dkt. No. 68), Baumgardt v. Thissen, Case No. 12-cv-694 (PJS/JJK) (D. Minn. Nov. 18, 2013); final jury instructions (Dkt. No. 130), Coequyt v. Holien, Case No. 20-1178 (PJS/TNL) (D. Minn. Jan. 30, 2023)*

The testimony of law enforcement officers should be considered by you just as any other evidence in this case, and in evaluating their credibility you should use the same guidelines that you apply to the testimony of any witness. You should not give either greater or lesser credence to the testimony of a witness merely because he or she is a law enforcement officer.

## INSTRUCTION #20: EXPERT OPINION

You have heard testimony from [expert witnesses' names] who testified to opinions and the reasons for the opinions. This opinion testimony is allowed because of the education or experience of this witness.

You should judge this opinion testimony just as you would any other testimony. You may accept it or reject it and give it the weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all other evidence in this case.

**8th Cir. Civil Jury Instr. § 3.05 (2022)**

**INSTRUCTION #21: GENERAL SECTION 1983 INSTRUCTION**

*Adapted from final jury instructions (Dkt. No. 68), Baumgardt v. Thissen, Case No. 12-cv-694 (PJS/JJK) (D. Minn. Nov. 18, 2013)*

The plaintiff, Robert Anderson, has brought this lawsuit under a federal statute, 42 U.S.C. § 1983, that allows a plaintiff to sue for damages if a government official such as defendant Deputy William Vanden Avond violates the plaintiff's rights under the United States Constitution. The Fourth Amendment to the United States Constitution guarantees the right to be free from unreasonable seizures. Under the Fourth Amendment, using physical force against a person to restrain his or her movement is a type of seizure. The Fourth Amendment therefore forbids a government official from using unreasonable force, also called "excessive" force, while doing so.

## INSTRUCTION #22: EXCESSIVE USE OF FORCE

Your verdict must be for the plaintiff Robert Anderson and against the defendant Deputy William Vanden Avond on Mr. Anderson's claim of excessive force if you find that the force used was excessive because it was not reasonably necessary under the circumstances.

If this is not proved, then your verdict must be for the defendant.

In determining whether the force defendant Vanden Avond used was "excessive," you must consider [**the totality of the circumstances, considering such factors as: the severity of Robert Anderson's crime; the immediate threat that Robert Anderson posed to the safety of Deputy Vanden Avond or others; whether Robert Anderson was actively resisting or attempting to evade arrest by flight;[2]**] the need for the application of force; the relationship between the need and the amount of force that was used; **[whether the suspect posed an immediate threat at the time the force was used[3]];** the extent of the injury inflicted; **[whether alternatives existed to the force that was used;[4]] [efforts made to limit the**

---

[2] *Graham v. Connor*, 490 U.S. 386, 395-96 (1989).

[3] **Order on Motion for Summary Judgment (Dkt. No. 58), at 28-29;** *Graham v. Connor*, 490 U.S. 386, 396 (1989); *Banks v. Hawkins*, 999 F.3d 521, 525 (8th Cir. 2021), *cert. denied*, 142 S. Ct. 2674 (2022); *Tatum v. Robinson*, 858 F.3d 544, 547 (8th Cir. 2017).

[4] *Shelton v. Stevens*, 964 F.3d 747, 753 (8th Cir. 2020); *Retz v. Seaton*, 741 F.3d 913, 918 (8th Cir. 2014).

amount of force used;[5]] and whether a reasonable officer on the scene, without the benefit of hindsight, would have used that much force under similar circumstances. **You should keep in mind that the decision about how much force to use often must be made in circumstances that are tense, uncertain, and rapidly changing. You should decline to second-guess whether alternative actions might have conceivably been available. Law enforcement is not held to such a demanding standard.[6] The issue is whether the force actually used in this particular instance was reasonable.**

**You must evaluate a use of force at the moment the force is used.[7] Force that might be justified at one moment can become excessive as circumstances change.[8] A few seconds is enough time for a police officer to determine that an immediate threat has passed, and a future hypothetical—plausible or not—is not a justification to use significant force, because a threat cannot be "immediate" when it has not yet materialized.[9], [10]**

---

[5] *Graham v. Connor*, 490 U.S. at 397.
[6] *Gardner v. Buerger*, 82 F.3d 248, 251 (8th Cir. 1996); *Est. of Morgan v. Cook*, 686 F.3d 494, 497 (8th Cir. 2012); *Cole v. Bone*, 993 F.2d 1328, 1334 (8th Cir. 1993)
[7] *Banks*, 999 F.3d at 525; *Cole v. Bone*, 993 F.3d 1328, 1333 (8th Cir. 1993) (*en banc*).
[8] *Masters v. City of Independence*, 998 F.3d 827, 836-37 (8th Cir. 2021); *Cole ex rel. Richards v. Hutchins*, 959 F.3d 1127, 1135-36 (8th Cir. 2020); *Neal v. Ficcadenti*, 895 F.3d 576, 581 (8th Cir. 2018).
[9] Order on Motion for Summary Judgment (Dkt. No. 58), at 29-30.
[10] Defendant specifically objects to this paragraph, which invites hindsight review. See also Defendant's motion in limine.

"Deadly force" is force reasonably likely to cause death or serious physical injury. **There is no magical on/off switch that triggers rigid preconditions whether an officer's actions constitute deadly force. In all excessive force cases, whether involving deadly or non-lethal force, the constitutional question is ultimately judged by the standard of objective reasonableness. [11]** Deadly force may be used only if it is reasonably believed necessary to prevent a significant threat of death or serious physical harm to the officer or others.  A warning must be given, if feasible, before deadly force may be used. **However, notice can be provided through drawing and raising a weapon in plain view of the subject.[12] The parties agree that deadly force was not authorized on Mr. Anderson.[13]**

**[Therefore, whether or not you find deadly force was used,]** You must determine whether Deputy Vanden Avond's actions were reasonable in the light of the facts and circumstances confronting him, without regard to his own state of mind, intention or motivation. **In determining whether defendant Vanden Avond's use of force was excessive, therefore, you must not consider where Vanden Avond intended to aim or hit Mr. Anderson when firing the shotgun.[14]**

---

[11] **Order on Motion for Summary Judgment (Dkt. No. 58), at 14;** *Scott v. Harris,* **550 U.S. 372, 382 (2007).**

[12] **Order on Motion for Summary Judgment (Dkt. No. 58), at 31 n. 8;** *Est. of Morgan v. Cook,* **686 F.3d 494, 497-98 (8th Cir. 2012).**

[13] **Defendant specifically objects.**

[14] **Memorandum Opinion and Order (Dkt. No. 148),** *Marks v. Bauer,* **Case No. 20-cv-1913 (ADM/DLM) (D. Minn. Feb. 2, 2023);** *Bond v. United States,* **529 U.S.**

**8th Cir. Civil Jury Instr. § 4.40 (2022) (modified)**

---

334, 338 n.2 (2000); *Whren v. United States,* 517 U.S. 806, 813 (1996); *Graham,* 490 U.S. at 397; *Dancy v. McGinley,* 843 F.3d 93, 115-18 (2d Cir. 2016); *Wilson v. City of Lafayette,* 510 F. App'x 775, 780 (10th Cir. 2013).

## INSTRUCTION #22A: EXCESSIVE USE OF FORCE – PLAINTIFF'S VERSION

Your verdict must be for the plaintiff Robert Anderson and against the defendant Deputy William Vanden Avond on Mr. Anderson's claim of excessive force if you find that the force used was excessive because it was not reasonably necessary under the circumstances.

If this is not proved, then your verdict must be for the defendant.

In determining whether the force defendant Vanden Avond used was "excessive," you must consider the need for the application of force; the relationship between the need and the amount of force that was used; **[whether the suspect posed an immediate threat at the time the force was used]**; the extent of the injury inflicted; **[whether alternatives existed to the force that was used;]** and whether a reasonable officer on the scene, without the benefit of hindsight, would have used that much force under similar circumstances.

**You must evaluate a use of force at the moment the force is used. Force that might be justified at one moment can become excessive as circumstances change. A few seconds is enough time for a police officer to determine that an immediate threat has passed, and a future hypothetical—plausible or not—is not a justification to use significant force, because a threat cannot be "immediate" when it has not yet materialized.**

"Deadly force" is force reasonably likely to cause death or serious physical injury. Deadly force may be used only if it is reasonably believed necessary to prevent a significant threat of death or serious physical harm to the officer or others.  A warning must be given, if feasible, before deadly force may be used. **The parties agree that deadly force was not authorized on Mr. Anderson.**

You must determine whether Deputy Vanden Avond's actions were reasonable in the light of the facts and circumstances confronting him, without regard to his own state of mind, intention or motivation. **In determining whether defendant Vanden Avond's use of force was excessive, therefore, you must not consider where Vanden Avond intended to aim or hit Mr. Anderson when firing the shotgun.**

**8th Cir. Civil Jury Instr. § 4.40 (2022) (modified)**

## INSTRUCTION #22B: EXCESSIVE USE OF FORCE – DEFENDANT'S VERSION

Your verdict must be for the plaintiff Robert Anderson and against the defendant Deputy William Vanden Avond on Mr. Anderson's claim of excessive force if you find that the force used was excessive because it was not reasonably necessary under the circumstances.

If this is not proved, then your verdict must be for the defendant.

In determining whether the force defendant Vanden Avond used was "excessive," you must consider [**the totality of the circumstances, considering such factors as: the severity of Robert Anderson's crime; the immediate threat that Robert Anderson posed to the safety of Deputy Vanden Avond or others; whether Robert Anderson was actively resisting or attempting to evade arrest by flight;**] the need for the application of force; the relationship between the need and the amount of force that was used; the extent of the injury inflicted; [**efforts made to limit the amount of force used;**] and whether a reasonable officer on the scene, without the benefit of hindsight, would have used that much force under similar circumstances. **You should keep in mind that the decision about how much force to use often must be made in circumstances that are tense, uncertain, and rapidly changing. You should decline to second-guess whether alternative actions might have conceivably been available. Law enforcement is not held to**

**such a demanding standard. The issue is whether the force actually used in this particular instance was reasonable.**

"Deadly force" is force reasonably likely to cause death or serious physical injury. **There is no magical on/off switch that triggers rigid preconditions whether an officer's actions constitute deadly force. In all excessive force cases, whether involving deadly or non-lethal force, the constitutional question is ultimately judged by the standard of objective reasonableness.** Deadly force may be used only if it is reasonably believed necessary to prevent a significant threat of death or serious physical harm to the officer or others. A warning must be given, if feasible, before deadly force may be used. **However, notice can be provided through drawing and raising a weapon in plain view of the subject.**

**[Therefore, whether or not you find deadly force was used,]** You must determine whether Deputy Vanden Avond's actions were reasonable in the light of the facts and circumstances confronting him, without regard to his own state of mind, intention or motivation.

**8th Cir. Civil Jury Instr. § 4.40 (2022) (modified)**

## INSTRUCTION #23: ACTUAL DAMAGES

If you find in favor of the plaintiff Robert Anderson under Instruction 22, then you must award him an amount of money that will fairly compensate him for any actual damages you find he sustained **[and is reasonably certain to sustain in the future]** as a direct result of the violation of Robert Anderson's constitutional rights. You should consider the following elements of damages:

1.  The physical pain and mental suffering Mr. Anderson has experienced and is reasonably certain to experience in the future;

2.  The nature and extent of the injury;

3.  Whether the injury is temporary or permanent; and

4.  The reasonable value of the medical care and supplies actually provided to or reasonably certain to be needed by Mr. Anderson, **whether or not he was billed, and whether or not he paid any such bill.[15]**

Remember, throughout your deliberations you must not engage in any speculation, guess, or conjecture, and you must not award any damages under this instruction by way of punishment or through sympathy.

**8th Cir. Civil Jury Instr. § 4.70 (2022) (modified);** *final jury instructions (Dkt. No. 68), Baumgardt v. Thissen, Case No. 12-cv-694 (PJS/JJK) (D. Minn. Nov. 18,*

---

[15] Defendant specifically objects to this addition.

*2013); final jury instructions (Dkt. No. 70), Grams v. Duzan, Case No. 13-cv-1550 (RHK/SER) (D. Minn. Nov. 14, 2014)*

## INSTRUCTION #24: PUNITIVE – CIVIL RIGHTS[16]

*Adapted from 8th Cir. Manual of Model Civil Jury Instructions 4.72 (2022)*

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the plaintiff Robert Anderson under Instruction __ and if it has been proved that the conduct of the defendant as submitted in Instruction __ was malicious or recklessly indifferent to Mr. Anderson's right to be free from excessive force then you may, but are not required to, award him an additional amount of money as punitive damages for the purposes of punishing the defendant for engaging in misconduct and discouraging the defendant and others from engaging in similar misconduct in the future. You should presume that Mr. Anderson has been made whole for his injuries by the damages awarded under Instruction ___.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

> 1. How reprehensible the defendant's conduct was. In this regard, you may consider whether the harm suffered by the plaintiff was physical or economic or both; and whether there was

---

[16] Defendant objects to this instruction.

violence, deceit, intentional malice, reckless disregard for human health or safety.

2. How much harm the defendant's wrongful conduct caused the plaintiff and could cause the plaintiff in the future.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed to punish the defendant for his wrongful conduct toward the plaintiff and to discourage the defendant and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to the plaintiff.

## INSTRUCTION #25: ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS WITH COURT; CAUTIONARY; UNANIMOUS VERDICT; VERDICT FORM

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, your verdict must be the unanimous decision of all jurors. Therefore, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach an agreement, if you can do this without going against what you believe to be true.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a unanimous verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third,* during your deliberations, including during any recess taken during deliberations, you must not, directly or indirectly, communicate with or provide

any information to anyone by any means or by any medium, about anything relating to this case, until I accept your verdict and discharge you from further service in this case.

*Fourth,* as stated in my instructions at the beginning of the trial, you may not in any manner seek out or receive any information about the case from any source other than the evidence received by the court and the law of the case I have provided to you. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

*Fifth,* if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the court security officer and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Sixth*, nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. The form reads: (read form). You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it, and tell the court security officer that you are ready to return to the courtroom.

**8th Cir. Civil Jury Instr. § 3.07 (2022)**