# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert A. Anderson, | Case No. 20-cv-1147 (KMM/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| William Vanden Avond et al, | |
| Defendants. | |

The Court held a pretrial conference on Friday, July 21, 2023, and issued bench rulings on the parties' motions in limine. The Court stated its rulings and reasons on the record, and will not repeat that entire discussion here. This Order is intended to capture the highlights of those rulings.[1]

## A. Defendant's Motions

### 1. Defendant's Motion in Limine to Exclude Hearsay Evidence [ECF 75]

The Court granted this motion in part and denied this motion in part. For the interrogatories, the Court advised that it strongly prefers interrogatories not going back to the jury unless they are necessary: instead, counsel should elicit the relevant evidence during witness examination. If either party wants to introduce discovery responses into the record and have them go back with the jury, the Court and counsel will discuss that, and whether any redactions of irrelevant or prejudicial information is necessary.

As to the audio recording of the BCA interviews, the Court held that it will allow use of the audio recording of the interview of Deputy Vanden Avond, and will allow it to be admitted as

---

[1] If this Order can be read to contradict any rulings from the conference, the discussion at the conference controls the question. And if the parties have any questions or need further clarification, please email chambers.

substantive evidence, though redactions might be required. However, the Court is taking the issue of whether the audio, or any other audio or recordings, may be used during the parties' openings under advisement and will inform the parties of its decision on Monday, July 24th.

The audio recordings of the non-party officers can be used as impeachment if needed. However, they cannot be introduced as substantive evidence under the Plaintiff's "not-for-the-truth" theory as articulated in the briefing and discussed at the hearing.

**2. Defendant's Motion in Limine to Limit Use of Squad Video Evidence [ECF 77]**

The Court denied this motion. It will allow either party to use still or pauses from the video. The Court will provide an instruction early in the trial cautioning the witnesses about the role of still photos and pausing the video. The Court will allow the video and still shots to go back to the jury during the deliberations.

**3. Defendant's Motion in Limine for Security Clearance to Introduce Physical Exhibit at Trial [ECF 80] (Exemplar beanbag and beanbag cartridge; Exhibit D-30)**

The Court granted this motion. It will inform the security team in Duluth about its decision.

**4. Defendant's Motion in Limine to Exclude Arguments or Comments Regarding Other Events Involving Allegations of Police Misconduct [ECF 82]**

The Plaintiff conceded that it will not seek to introduce evidence through its expert (or otherwise) about other events involving alleged police misconduct, and the Court granted the motion precluding such evidence. As for what the experts in this case can say regarding their prior experience as expert witnesses, the experts can say that they have worked on other cases, even other cases in Minnesota. But no expert should testify about dates, details, or any other identifying information that would allow the jury to infer which prior cases were at issue. This case should be tried on its own merits, and other unrelated instances of police misconduct are not at issue.

5. **Defendant's Motion in Limine to Exclude Training, Investigation Criticism, and Internal Affairs Evidence [ECF 84]**

The Court denied the motion in part, and granted the motion in part. As for the training slides, the Court ruled that there is enough evidence that Deputy Vanden Avond saw the slides at some point to make them admissible. However, the parties were cautioned that the slides are relevant to what the Deputy knew and was taught, not to what the actual law is regarding lawful or unlawful police actions.

As to the question or questions from the training exam, the Court said its admissibility will depend on the Plaintiff's ability to lay the necessary foundation. Ideally it will first be discussed in examination of Deputy Vanden Avond, but if it cannot be addressed first with him that may raise concerns. The Plaintiff may be asked about it during examination, but if he does not recall seeing it or learning it, it will not come in.

The Court granted the motion as it related to investigation-criticism, and the Plaintiff agreed that it would not offer any testimony criticizing the investigation of the shooting of Mr. Anderson.

6. **Defendant's Motion in Limine to Exclude Certain Testimony from Jack Ryan (plaintiff's expert) [ECF 88]**

The Court granted this motion in part, and denied this motion in part. The Court will not allow either expert to testify about the correct legal standard to be applied, make any legal conclusions, or narrate the videos by saying the conduct shown is or is not lawful. However, the Court is going to otherwise allow both experts to testify with some latitude. The Court will endeavor to apply the same standards and expectations to both experts, as they are similarly situated.

7. **Defendant's Motion in Limine to Exclude Undisclosed Medical Expert Testimony [ECF 94]**

Based in part on concessions and clarifications from the Plaintiff, the Court granted this motion. The treating physician can testify about Mr. Anderson's condition, his treatment of it, the diagnosis and care. He may not testify about future medical needs, long-term prognosis, or permanency.

B. **Plaintiff's Motions**

1. **Plaintiff's Motion in Limine Regarding Expert Testimony [ECF 100]**

The Court denied this motion. It will allow the test-firing video and Defendant's expert's testimony about the video. It will allow the video both as a demonstrative aid and as substantive evidence. The Court is open to a limiting instruction, but believes that the Plaintiff's concerns about the relevance of the video can be handled through cross-examination. The Court also notes that the testimony of the Defendant's expert will be subject to the same broad limitations as the testimony of Jack Ryan.

2. **Plaintiff's Motion in Limine to Exclude Testimony or Other Evidence Regarding Future Hypotheticals [ECF 102]**

The Court denied this motion. It is not going to limit the use of future hypotheticals in the manner requested by the Plaintiff. This argument rested on an unduly narrow reading of the Court's summary judgment ruling and of the relevant law. However, the Court agrees that the more speculative an officer's safety concerns are and the more removed in time from the moment of decision-making, the less relevance they have.

3. **Plaintiff's Motion in Limine Regarding "Bad Act" Evidence [ECF 104]**

The Court granted this motion in part. The Court held that the 2011 domestic violence charge only comes in if Mr. Anderson opens the door, such as by suggesting that he never been

4

involved in domestic violence before the incident at issue in this trial. As for the prison records, the Court will play this issue by ear. If Mr. Anderson overstates the positive nature of his time in prison, it will allow the defense to do some cross-examination exploring this issue. But the Court will not allow either party to go too far down the road of exploring Mr. Anderson's conduct in prison because it is likely to comprise inadmissible character evidence.

4. **Plaintiff's Motion in Limine Regarding Cars.com Evidence [ECF 106]**

The Court denied this motion and will allow the Cars.com evidence. It is useful to the jury, its reliability is not challenged, it is publicly available, and it is of modest usefulness in answering an important question in the case. There was no surprise from its inclusion and there is no suggestion that it is not an accurate representation of the measurements of the car.

5. **Plaintiff's Motion in Limine Regarding Evidence And Argument of Effect of this Case on Defendant [ECF 108]**

The Court grants this motion, though the Defendant conceded it as well.

6. **Plaintiff's Motion in Limine Regarding Evidence And Argument of Any Threat Plaintiff Posed to Himself [ECF 110]**

The Court denied this motion with respect to testimony because the officers' belief about Mr. Anderson's suicidality is relevant to the reasonableness of the conduct at issue. The Court declined to decide anything with respect to the jury instruction about the role that suicidality can play in the excessive force calculus at this time.

Date: July 24, 2023

                                                    *s/Katherine Menendez*
                                                    Katherine Menendez
                                                    United States District Judge